Case 4:19-cv-04718   Document 29   Filed on 06/26/20 in TXSD   Page 1 of 19

United States District Court
Southern District of Texas
**ENTERED**
June 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Samuel Frausto, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action H-19-4718 | |
| § | | |
| Southwest Airlines, § | | |
| Defendant. § | | |

# Memorandum and Recommendation

Plaintiff Samuel Frausto sued Defendant Southwest Airlines (Southwest) under state and federal civil rights statutes. He alleges that Southwest selectively enforced its disciplinary procedures against Hispanic employees. (D.E. 1.) Frausto filed an amended complaint. (D.E. 23.) Southwest moved to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. 24.) The court recommends that Southwest's motion to dismiss be granted in part and denied in part.

1. Background

   A. *Frausto's employment with Southwest*

   Frausto has worked in Southwest's provisional department in Houston since September 2001. Am. Compl. ¶ 11. He is still employed with Southwest in the same department. He is represented by the Transport Workers Union of America—CIO Local 555. (D.E. 24-1 at 5.)

   The Collective Bargaining Agreement (CBA) between CIO Local 555 and Southwest includes procedures governing employee discharge and discipline. (D.E. 24-1 at 15.) For example, the CBA mandates that any covered employee subject to discipline involving loss of pay or discharge must first have the benefit of a fact-finding hearing with union representation. *Id.* at 16.

In March of 2013, Frausto began reporting harassment and discrimination to Southwest's human resources department (HR). Am. Compl. ¶ 14. On June 10, 2015, Frausto filed a complaint of discrimination and retaliation with HR, after his supervisor issued him written discipline for going home sick during mandatory overtime. Am. Compl. ¶ 19. On the same day, he participated in a disciplinary meeting with his supervisor. *Id.* ¶ 21. Frausto received another written discipline on June 22, 2015, in the form of a Letter of Instruction and a Discussion Log, for displaying an "unbecoming" attitude during the disciplinary meeting. *Id.* Frausto filed a complaint with HR, alleging that:

> [Frausto] continue[s] to be discriminated [against] based on his RACE/ETHNICITY/Color of [his] skin. Non-minority whites have not been subjected to the same attendance and disciplinary procedures for going home sick on mandatory overtime . . . [Frausto is] being retaliated against by local management for having reported discrimination to [the HR department] in Dallas . . . [Frausto requests] a full investigation and referral to the EEOC.

Am. Compl. ¶ 22 (emphasis in original).

Frausto alleges that these events occurred despite his accumulation of more overtime hours than any other employee between March 2010 and December 2015. Am. Compl. ¶ 26. He alleges that out of nine employees who went home sick during their mandatory overtime shifts in 2015, Southwest issued written discipline only against Frausto and another Hispanic employee. Am. Compl. ¶ 24. A Caucasian employee reported sick every Sunday but he was never disciplined or required to participate in a fact-finding hearing. *Id.* ¶ 25.

Frausto alleges that his complaints led to harassment and retaliation. Am. Compl. ¶ 28. He alleges that he was forced to work excessive hours in early 2017. Am. Compl. ¶ 29. Around the same time, Frausto alleges that a Southwest manager physically assaulted him, but went unpunished. *Id.* ¶ 29. After Frausto filed a complaint

2

with HR about the assault, Frausto was instructed to attend another fact-finding hearing. *Id.* ¶ 30.

Frausto does not allege he was fired, demoted or that the terms or conditions of his employment were in any way altered. Again, he remains employed at Southwest.

### B. The 2018 lawsuit

Frausto filed a related federal suit against Southwest in 2018. (Case no. 4:18-cv-00272.) His amended complaint, filed on March 7, 2018, raised claims of race discrimination under Title VII of the Civil Rights Act of 1964 (Title VII),[1] 42 U.S.C. § 1981 (Section 1981), and the Texas Commission on Human Rights Act (TCHRA).[2] (D.E. 8 at ¶¶ 6–8, 30–42, Case no. 4:18-cv-00272.) He also raised Texas common law claims of negligent training, supervision, and retention. *Id.* at ¶¶ 9, 43–47. Frausto alleged that Southwest enforced its attendance policies in a discriminatory manner. *Id.* at ¶¶ 12–26. He also alleged that he was assaulted by a member of management and was forced to work long hours, which led him to file an internal complaint. *Id.* at ¶ 28. Frausto alleged that Southwest retaliated against him for filing the internal complaint. *Id.* at ¶ 29.

Frausto alleged that he exhausted his Title VII and TCHRA claims by filing a dual Charge of Discrimination (Charge No. 460-2016-00727) with the U.S. Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission (TWC) on December 1, 2015, and receiving a notice of right to sue on November 1, 2017. (D.E. 8 at ¶ IV.10, Case no. 4:18-cv-00272.) He alleged that his suit was timely because it was filed on January 29, 2018, within 90 days of receiving the notice of right to sue. *Id.* at ¶ IV.11.

Frausto filed a motion for non-suit, and on March 22, 2018, the court dismissed the action without prejudice. (D.E. 9, 12, Case no. 4:18-cv-00272.)

---

[1] 42 U.S.C. § 2000e *et seq.*
[2] Texas Labor Code, § 21.001 *et seq.*

3

*C. The present lawsuit*

Frausto filed the present lawsuit against Southwest on December 4, 2019. (D.E. 1.) Frausto filed an amended complaint on February 27, 2020. (D.E. 23.) Frausto alleged that he has exhausted his administrative remedies by filing a second charge of discrimination with the EEOC on December 19, 2018, in addition to his 2015 EEOC charge. Am. Compl. ¶¶ 9–10. Frausto's 2018 EEOC charge stated in part:

> I have been, and continue to be, targeted for retaliatory conduct by my employer, Southwest Airlines since I reported the discrimination that I faced. Moreover, when I engage [sic] in protected activity, I have received retaliatory treatment by my employer.
>
> I amended my original complaint with the federal court in Houston on March 7, 2018, due to the continued race discrimination, hostile work environment and retaliation because of the complaints I filed with upper management. Within two months of that amendment, my employer continued to harass me for no reason in an effort to terminate my employment for participating In protected activity relating to my claims of race discrimination and retaliation against my employer.
>
> Specifically, upon arriving to work on Wednesday May 9, 2018, I was informed my Supervisor Kassandra that Missy wanted to speak to me. When I inquired as to what it was in reference to she was unable to tell me. I proceeded to ask her if Derrick Henry was there, as he is our local union representative and had accompanied me to her office the day before. I let Kassandra know that I would go as soon as I was able to do so, and Derrick could accompany me. I proceeded in getting my a/c numbers for the day then rolling out to work my first flight of the day which was already at the gate at clock in time. As I was returning from working my first flight I was met by Servando Mata and Missy Putz on ramp over by gate 27/29. Missy

4

> Putz seemed visibly upset and informed me that she did not have time for me to have [a] representative with me. She proceeded to hand me a print out [sic] of a SOPI report #187895 in regard to a missing liquor kit on Originator Flight #253 A/C281 on May 4, 2018. She required me to answer questions without the aid of my union representative or my lawyer.

(D.E. 24-1 at 33.) Frausto received a notice of right to sue letter on April 3, 2019. Am. Compl. ¶ 10.

The claims in this lawsuit are similar to the claims in the earlier lawsuit. In Count One, Frausto alleges race discrimination and hostile work environment under Title VII. Am. Compl. ¶¶ 34–36. In Count Two, he alleges race discrimination and hostile work environment under the TCHRA. *Id.* ¶¶ 37–39. In Count Three, he alleges race discrimination and hostile work environment under 42 U.S.C. § 1981. *Id.* ¶¶ 40–42. In Count Four, he alleges retaliation pursuant to Title VII, and in Count Five, retaliation pursuant to the TCHRA. *Id.* ¶¶ 43–46.

Southwest moves to dismiss Frausto's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. 24.) Frausto filed a response. (D.E. 25.) Southwest filed a reply and a supplemental reply. (D.E. 26, 27.)

2. *Standard of Review*

   A. *Dismissal under Rule 12(b)(1)*

A court may dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1). The party asserting jurisdiction has the burden to prove the court's subject matter jurisdiction. *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014).

The court may look beyond the four corners of the complaint and consider undisputed facts evidenced in the record when those facts are relevant to determine whether the court has jurisdiction. *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (holding that the court may rely on the complaint alone, undisputed facts evidenced in the record, and/or

5

the court's resolution of disputed facts); *see Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (holding that the court need not resolve disputed facts in favor of the plaintiff in determining jurisdiction).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B. Dismissal under Rule 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("[T]he court may not look beyond the four corners of the plaintiff's pleadings.").

"The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff" and "drawing all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). Pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014); *see Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ("[A] complaint need not pin plaintiff's claim for relief to a precise legal theory.").

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of employment discrimination actions, the plaintiff need not prove a *prima facie* case of discrimination; the plaintiff need only allege facts that plausibly support their claims. *See Melvin v. Barr Roofing Co.*,

6

806 F. App'x 301, 308 (5th Cir. 2020); *E.E.O.C. v. Bass Pro Outdoor World, L.L.C.*, No. 4:11–CV–3425, 2013 WL 1124063, at *5 (S.D. Tex. Mar. 18, 2013).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Conclusory allegations "disentitle[] them to the presumption of truth." *Iqbal*, 566 U.S. at 681. It follows that the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Where an "obvious alternative explanation" provides a more likely reason for the complained-of conduct, the plaintiff's claim does not cross the plausibility threshold. *See Twombly*, 550 U.S. at 567–69 (holding that industry norm and business incentives provided a more plausible explanation for the defendants' noncompetition than the plaintiff's allegation that the defendants conspired to engage in antitrust activity); *Iqbal*, 556 U.S. at 681–82 (holding that the respondent's allegation of discrimination was not plausible on its face because the government's legitimate, heightened national security interests after 9/11 provided a more likely explanation for the respondent's arrest and detention conditions).

*3. Analysis*

*A. The court has subject matter jurisdiction over Frausto's claims.*

Southwest argues that the Railway Labor Act (RLA)[3] precludes and preempts Frausto's claims because it is necessary for the court to interpret the CBA to resolve the claims. The claims that Frausto raises in his Amended Complaint can be summarized as follows:

- Southwest discriminated against Frausto by issuing two Attendance Report forms on June 10, 2015, and by issuing the Letter of Instruction and Discussion Log on June 22, 2015;
- Southwest retaliated against Frausto for protesting the June 10, 2015 Attendance Forms when it issued the Letter of Instruction and Discussion Log on June 22, 2015;
- Southwest maintained a hostile work environment by allowing a manager to physically assault Frausto without any consequences and by forcing Frausto to work excessive hours;
- Southwest retaliated against Frausto after he complained about the manager's assault. Southwest instructed him to attend a "Fact Finding" hearing on July 6, 2017; and
- Southwest retaliated against Frausto after he amended his complaint in the prior federal lawsuit[4] on March 7, 2018.

Am. Compl. ¶¶ 11–46.

In this Circuit, courts apply the framework set forth in *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994), to determine whether claims are precluded or preempted by the RLA. *See Carmona v. Sw. Airlines Co.*, 536 F.3d 344, 347–48 (5th Cir. 2008) (preclusion of federal claims); *see also Brown v. Am. Airlines, Inc.*, 593 F.2d 652, 654 (5th Cir. 1979) (preemption of state-law claims). Under *Hawaiian Airlines*, a claim that may be conclusively resolved by interpreting an existing CBA are categorized as "minor disputes" and must be arbitrated before an adjustment board established by the employer

---

[3] 45 U.S.C. §§ 151 *et seq.*
[4] (D.E. 8, Case no. 4:18-cv-00272.)

8

and the union. *Hawaiian Airlines,* 512 U.S. at 252, 263. In a case involving minor disputes, a federal court's jurisdiction is limited to reviewing or enforcing the Board's final award on limited grounds. *See* 45 U.S.C. § 159 Third; *see also Int'l Ass'n of Machinists, AFL-CIO v. Cent. Airlines, Inc.,* 372 U.S. 682, 695–96 (1963).

If a claim involves rights that exist independent of the CBA, the claim is not a minor dispute. *See Carmona,* 536 F.3d at 348–49. Federal courts have jurisdiction to hear a dispute about an independent right that cannot be resolved conclusively by interpreting the CBA. *Id.* at 348. For subject matter jurisdiction to exist, it is "not require[d] that the CBA be irrelevant to the dispute." *Id.* at 349.

Southwest argues that the CBA procedures govern the Provisioning Agents' overtime assignments, including how Southwest may address sick calls during mandatory overtime shifts, as well as procedures for issuing and grieving discipline. The holding in *Carmona* is directly applicable here. That case held that the federal court had subject matter jurisdiction over a claim that the "CBA procedures were *applied* in a discriminatory manner, not that CBA procedures were fundamentally discriminatory." *Carmona,* 536 F.3d at 349 (emphasis in original).

Here, too, Frausto's allegation is that Southwest applied the relevant CBA procedures in a discriminatory manner. Although Frausto refers to the CBA, he does so for the purpose of supporting his claim that Southwest selectively applied procedures against Hispanic employees. Whether Southwest enforced employment procedures in a discriminatory manner cannot be resolved conclusively by interpreting the CBA alone. Thus, although the CBA may be relevant, Frausto's claim concerns a right independent of the CBA. *See Carmona,* 536 F.3d at 349 ("Southwest's contention that Carmona's claims necessitate CBA interpretation fails to recognize the distinction between reference to the CBA and reliance on it."). Therefore, Frausto's claims are not precluded or preempted by the RLA.

The RLA does not preempt or preclude Frausto's claims for retaliation for the same reasons. Frausto's right not to be subjected to retaliation for his participation in a protected activity exists independently of the CBA. *See Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1090 (5th Cir. 1991) ("[T]he right to be free from retaliatory discharge . . . exists . . . independently of the CBA.")

Frausto's right to a workplace free of hostility also exists independently of the CBA. Southwest has not suggested what terms of the CBA are relevant to Frausto's claims of hostile work environment. The court declines to construe a claim of hostile work environment as a minor dispute where, as here, the employer has not shown that the CBA "could be interpreted to give [the employer] the right to accommodate harassment or [the employee] the right to work in a non-hostile environment." *See Hirras v. Nat'l R.R. Passenger Corp.*, 44 F.3d 278, 284 (5th Cir. 1995).

Frausto's claims are not minor disputes and are not subject to preemption or preclusion under the RLA. The court has subject matter jurisdiction over Frausto's claims under 28 U.S.C. §§ 1331–32. The court recommends that Southwest's motion to dismiss under Rule 12(b)(1) be denied.

### B. Southwest's Rule 12(b)(6) motion

#### 1) Frausto has stated a plausible claim of hostile work environment under Section 1981.

Southwest seeks to dismiss Frausto's Section 1981 hostile work environment claim in Count Three for failure to state a cause of action. There is a four-year statute of limitations for claims under Section 1981 concerning conduct that occurred during the plaintiff's employment. *See Fullen v. Galveston Indep. Sch. Dist.*, No. CIV.A. G-07-0194, 2008 WL 150969, at *3 (S.D. Tex. Jan. 14, 2008). Because Frausto filed the present lawsuit on May 2, 2019, any conduct that occurred on or after May 2, 2015, may form the basis of his Section 1981 claim.

10

Hostile work environment claims brought under Title VII, Section 1981, and the TCHRA may be analyzed together under the same framework, except that Section 1981 does not require a plaintiff to exhaust administrative remedies. *See Alpha Portland Cement Co. v. Reese*, 507 F.2d 607, 610 (5th Cir. 1975); *Jones v. Dallas County*, 47 F. Supp. 3d 469, 483 (N.D. Tex. 2014).

"A hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) (omitting internal quotation marks). To state a hostile work environment claim, the plaintiff must allege facts that plausibly state that he was subjected to harassment based on his membership in a protected class or his participation in a protected activity. *See Watts v. Kroger*, 170 F.3d 505, 509 (5th Cir. 1999); *see also McCorvey v. Univ. of Tex. Health Sci. Ctr.*, No. 5:16-CV-631-DAE, 2016 WL 8904949, at *11 (W.D. Tex. Dec. 21, 2016) (retaliatory harassment).

"[A] single incident of harassment, if sufficiently severe, could give rise to a viable Title VII claim as well as a continuous pattern of much less severe incidents of harassment." *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 400 (5th Cir. 2007); *see Patterson v. Cnty. of Oneida*, 375 F.3d 206, 230 (2d Cir. 2004) (holding in a 42 U.S.C. § 1981 context that, where the plaintiff was subjected to a severe physical assault, "[w]e cannot say that, as a matter of law, such an incident is not sufficiently severe, in all the circumstances, to create a hostile work environment"); *see also Morris v. City of Colorado Springs*, 666 F.3d 654 (10th Cir. 2012) (collecting cases). Ordinarily, an employer is only liable if it did not take remedial action although it knew or should have known about the harassment. *Jones v. Flagship Int'l*, 793 F.2d 714, 720 (5th Cir. 1986).

Here, Frausto has alleged that a member of Southwest's management physically assaulted him in early 2017. Am. Compl. ¶ 29. He has alleged that he filed an internal complaint about the incident,

but Southwest did not punish the member of management. *Id.* Frausto has also alleged that Southwest forced him to work excessive hours in violation of Southwest's policies and procedures. *Id.* Although it is a close call, the court finds, in the context of the complaint as a whole, that Frausto has alleged sufficient facts that, taken as true, plausibly show he was subject to hostile work environment. Therefore, the court recommends that Southwest's Rule 12(b)(6) motion be denied as to Frausto's Section 1981 hostile work environment claim.

### 2) Frausto's Section 1981 race discrimination should be dismissed under Rule 12(b)(6).

Southwest seeks to dismiss the remainder of Frausto's Section 1981 race discrimination claims raised in Count Three under Rule 12(b)(6). Section 1981 bars intentional race discrimination regarding the making and enforcement of contracts. *See* 42 U.S.C. § 1981(a) ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts."). The statutory language, "make and enforce contracts," is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

Unlike Title VII, Section 1981 does not require administrative exhaustion. *See Reese*, 507 F.2d at 610. In other aspects, "[c]laims of racial discrimination brought under § 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII." *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n. 2 (5th Cir. 1996); *see Mendoza v. Helicopter*, 548 F. App'x 127, 128 (5th Cir. 2013) (holding that "it is appropriate to rely on Title VII cases" to resolve an employment discrimination claim brought under Section 1981).

To survive a Rule 12 motion, the plaintiff raising a Section 1981 discrimination claim must allege facts that, taken as true, plausibly suggest that he was subjected to an adverse employment action. *See Thompson v. City of Waco, Texas*, 764 F.3d 500, 502–03 (5th Cir.

12

2014). An adverse employment action for the purpose of a Section 1981 discrimination claim consists only of "ultimate employment decisions" such as hiring, granting leave, discharging, promoting, or compensating. *Id.* at 503. "Disciplinary write-ups are not adverse employment actions." *Mitchell v. Energy Transfer Partners, LP*, No. CV H-14-2784, 2017 WL 536596, at *9 (S.D. Tex. Feb. 9, 2017), *aff'd sub nom. Mitchell v. Energy Transfer Partners, L.P.*, 711 F. App'x 245 (5th Cir. 2018). "Imposing a higher workload than that given to other employees is not an adverse employment action." *Ellis v. Compass Grp. USA, Inc.*, 426 F. App'x 292, 296 (5th Cir. 2011).

Here, Frausto has only alleged that Southwest issued written discipline and imposed an excessive workload. Neither constitutes an ultimate employment decision. *See Mitchell*, 2017 WL 536596, at *9; *Ellis*, 425 F. App'x at 296. Because Frausto has not alleged facts that, taken as true, plausibly suggest that Southwest subjected him to an adverse employment action, his Section 1981 claims do not survive the Rule 12(b)(6) motion. Therefore, the court recommends that Frausto's Section 1981 claims, other than the hostile work environment claim, be dismissed.

> 3) *Frausto's Title VII and TCHRA claims based on conduct that occurred before February 22, 2018, are time-barred.*
>
> a) *Rules governing the time bar*

Southwest seeks to dismiss Frausto's TCHRA and Title VII (Counts One, Two, Four, and Five) because they are time-barred. "Because employment discrimination claims under [the TCHRA] . . . mirror Title VII, these claims may be analyzed together." *Carr v. Humble Indep. Sch. Dist.*, No. 4:17-CV-0773, 2018 WL 1064583, at *5 (S.D. Tex. Feb. 23, 2018).

"To state a claim under the TCHRA, a plaintiff must file a charge of discrimination with the EEOC or the TCHR within 180 days of the discriminatory act." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278–79 (5th Cir. 2004) (citing Tex. Labor Code Ann. § 21.202(a)). If the

13

plaintiff has initially instituted proceedings with a State or local agency such as the Texas Workforce Commission, the timeframe is extended to 300 days. *Id.* 42 U.S.C. § 2000e-5(e)(1). Title VII also requires an employee to exhaust administrative remedies before filing a federal lawsuit. *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008). Under Title VII, before the employee can file a federal lawsuit, he must first file a timely charge with the EEOC, and receive a right-to-sue letter. *Id.*

Once the EEOC determines that there is not reasonable cause to believe that the charge is true, the EEOC is required to dismiss the charge and promptly notify the employee. 42 U.S.C. § 2000e-5(b). When the employee receives a notice of dismissal from the EEOC, the employee has 90 days to file a civil action against the employer. *Id.* § 2000e-5(f)(1). "If the plaintiff fails to allege the specific date that she actually received the notice and the date the letter was received is unknown, a presumption of receipt is appropriate." *Hill v. New Alenco Windows, Ltd.*, 716 F. Supp. 2d 582, 592 (S.D. Tex. 2009).

Under the continuing violation doctrine, hostile work environment claims may proceed even if only a part of the act contributing to the claim occurs within the EEOC filing period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115–17 (2002); *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017), *as revised* (Mar. 13, 2017). That is because "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice'" as defined under 42 U.S.C. § 2000e–5(e)(1). *Morgan*, 536 U.S. at 117.

### b) Frausto's charges of discrimination

Frausto represents that he first filed a charge with the EEOC and the Texas Workforce Commission on December 1, 2015. Am. Compl. ¶ 9. The EEOC issued a Notice of Right to Sue on November 1, 2017. (D.E. 8 at ¶ IV.11, Case No. 4:18-cv-272.) His first lawsuit was premised upon that notice. Nine months after his first lawsuit was dismissed, Frausto filed another EEOC charge on December 19, 2018, raising claims of retaliation and harassment. Am. Compl. ¶ 10.

Frausto received the right to sue notice responsive to the 2018 discrimination charge on April 3, 2019, and filed the current lawsuit on May 2, 2019. *Id.* Thus, any claims in this lawsuit based on discrete acts of discrimination occurring before February 22, 2018—300 days before he filed the December 19, 2018 EEOC charge—are not timely. *See* 42 U.S.C. § 2000e-5(e)(1).

Frausto does not argue that any claims in this lawsuit relate back to his 2015 EEOC charge. In any event, the governing regulation permits "the issuance of a new notice of a right to sue only after the Commission issues a notice of intent to reconsider before the expiration of the original limitations period." *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (citing 29 C.F.R. § 1601.19(b)). Frausto has not shown that the EEOC issued a notice of intent to reconsider his 2015 Charge. Thus, the 2018 right to sue notice did not revive the limitations period for the EEOC to issue a right to sue letter concerning the claims raised in the 2015 EEOC charge.

### c) Discrete acts of discrimination and retaliation

Frausto argues that the continuing violation doctrine saves his claims that would otherwise be time-barred. However, the continuing violation doctrine does not save Frausto's race discrimination and retaliation claims based on discrete acts of discrimination that occurred before February 22, 2018. *Morgan*, 536 U.S. 101 at 123. Here, all the allegations of discrete acts of discrimination and all but one discrete act of retaliation took place outside of the 300-day period preceding Frausto's 2018 EEOC charge. Southwest issued the written discipline for sick time against Frausto in June 2015, three years before Frausto filed his EEOC charge in 2018. Likewise, his July 2017 complaints to HR occurred more than 400 days before he filed the 2018 EEOC charge. The only allegation of retaliation that is not time-barred is that Southwest "began a campaign to harass [Frausto]," in retaliation for Frausto's amending the complaint in the prior lawsuit on March 7, 2018. Am. Compl. ¶ 32. That allegation is discussed below in Part 3.B.5).

15

### d) Hostile work environment

Frausto's hostile work environment claims under Title VII and the TCHRA are also time-barred. For the continuing violation doctrine to be applicable, the plaintiff must plausibly allege at least one act of harassment that took place within the permissible filing period. *See Heath*, 850 F.3d at 736 (holding that at least one act which comprises the hostile work environment claim must still be timely for the continuing violation doctrine to apply). Here, Frausto has not alleged any actual facts that suggest he experienced "discriminatory intimidation, ridicule, and insult" that occurred within the 300-day period preceding his 2018 EEOC charge, much less that he experienced harassment that was sufficiently severe or pervasive to alter the conditions of his employment. *See Stewart*, 586 F.3d at 328.

The only allegation Frausto raises within the permissible time period is that Southwest began a campaign to harass him. Am. Compl. ¶ 32. He does not explain what the campaign involved, or any other facts for the court to evaluate. The allegation is therefore conclusory, and the court may not accept it for Rule 12(b)(6) purposes. *Southland Sec. Corp.*, 365 F.3d at 361. Because Frausto has not alleged any facts to demonstrate that a hostile work environment existed within the 300-day period preceding his 2018 EEOC charge, his Title VII and TCHRA claims of hostile work environment are time-barred.

The court recommends that all of Frausto's Title VII and TCHRA claims be dismissed with prejudice as time-barred, except for the retaliation claims discussed below in Part 3.B.5).

### 4) Most of Frausto's Race Discrimination and Retaliation claims under Title VII and TCHRA (Counts One, Two, Four, and Five) are also unexhausted.

In a federal lawsuit following an EEOC charge, the plaintiff may only raise "'those allegations that are like or related to those allegations contained in the EEOC charge and growing out of such allegations during the pendency of the case before the [administrative agency].'" *Matson v. Sanderson Farms, Inc.*, 388 F. Supp. 3d 853, 877

16

(S.D. Tex. 2019) (quoting *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018)). As discussed above, Frausto's present lawsuit is premised upon his 2018 EEOC charge. *See supra* Part 3.B.3. The scope of Frausto's 2018 EEOC charge was narrow, limited only to his allegation that Southwest harassed him and retaliated against him for his participation in the previous federal lawsuit filed in 2018. (D.E. 24-1 at 33.)

The following Title VII and TCHRA claims set forth in Counts One, Two, Four, and Five should be dismissed as unexhausted because they are not like, related to, or growing out of his allegations in the 2018 EEOC charge:

- Southwest discriminated against Frausto by issuing two Attendance Report forms on June 10, 2015, and by issuing the Letter of Instruction and Discussion Log on June 22, 2015;
- Southwest retaliated against Frausto for protesting the June 10, 2015 Attendance Forms when it issued the Letter of Instruction and Discussion Log on June 22, 2015;
- Southwest retaliated against Frausto after he complained about the manager's assault. Southwest instructed him to attend a "Fact Finding" hearing on July 6, 2017.

These claims are coextensive with the claims that should be denied as time-barred. *See supra* Part 3.B.3).

### 5) *Frausto has not stated a plausible claim of retaliation under Title VII and the TCHRA.*

In light of the discussion above, the only other timely claims under Title VII or the TCHRA that Frausto properly exhausted are his claims in Counts Four and Five that Southwest retaliated against him for amending his earlier lawsuit in March of 2018. *See supra* Part 3.B.3)–4). Frausto did not raise a retaliation claim under 42 U.S.C. § 1981.

The issue is whether Frausto's retaliation claims meet the Rule 12 pleading standard. To survive a Rule 12(b)(6) motion, the plaintiff raising a retaliation claim must plead facts that make it plausible that he suffered an adverse employment action. *See Leal v. McHugh*, 731

F.3d 405, 417 (5th Cir. 2013) (Title VII); *see also Niu v. Revcor Molded Prods. Co.*, 206 S.W.3d 723, 730 (Tex. App.—Fort Worth 2006, no pet.) (TCHRA). For purposes of retaliation, an adverse action need not be limited to an action related to the terms or conditions of employment; it includes any action that a reasonable employee would find to be "materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945 (5th Cir. 2015); *Niu*, 206 S.W.3d at 731 (applying the same standard to resolve a TCHRA retaliation claim).

Here, Frausto merely raises the conclusory allegation that Southwest "began a campaign to harass [him]" after he filed an amended complaint with the federal court on March 7, 2018. Am. Compl. ¶ 32. The court may not consider such conclusory allegations as facts. *See Southland Sec. Corp.*, 365 F.3d at 361. Frausto does not plead any facts to support his allegation. He does not say he was fired (he is still employed); he does not say he was demoted or denied a raise; and he does not say that any condition of his work was altered in connection with the amendment of his complaint. Because Frausto has offered no facts about any adverse action Southwest took in retaliation of his federal lawsuit, he has not stated a plausible claim of retaliation under Title VII and the TCHRA.

Therefore, the court recommends that Frausto's retaliation claims be dismissed under Rule 12(b)(6).

### 4. Conclusion

The court recommends that Defendant's motion to dismiss (D.E. 24) be DENIED in part, as to Frausto's Section 1981 hostile work environment claim in Count Three. The motion should be GRANTED in all other aspects.

Frausto has already amended his complaint once and has not moved to further amend the complaint. The court finds that another amendment would be futile.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on June 26, 2020.

_____
Peter Bray
United States Magistrate Judge